State, ex rel. *v.* Pusch, Treas.—189 Ind. 235.

STATE OF INDIANA, EX REL. UNITED STATES RAILROAD
ADMINISTRATION *v.* PUSCH, TREASURER.

[No. 23,593.  Filed March 30, 1920.]

1. TAXATION.—*Delinquency.*—*Penalty.*—*Statute.*—*Construction.*—A
taxpayer whose second installment of taxes was delinquent could
not avoid payment of the full ten per cent. penalty, as provided
by §10321 Burns 1914, Acts 1897 p. 162, by tendering the amount
of the installment plus four per cent., on the theory that six
per cent. was uncollectible because it was not in fact a penalty
but a commission to be deducted and retained by the treasurer
under §119 of the Fee and Salary Act, §7332 Burns 1914, since
the two acts, when considered together—and in view of the legis-
lative history of the penalty provision and of the wide diverg-
ence in the subject-matter of the two acts—show that the entire
ten per cent. should be collected and paid into a general fund,
and afterwards the six per cent. is allowed and paid to the
treasurer in the regular way, the legislative intent in providing
the penalty being to impel the payment of taxes promptly and
not merely to provide a fund for the payment of a commission
to the treasurer.  pp. 239, 241.
2. TAXATION.—*Delinquency.*—*Penalty.*—*Validity.*—Though the coun-
ty treasurer were not entitled to receive the commission provided
by §119 of the Fee and Salary Act, §7332 Burns 1914, for the
collection of delinquent taxes, that fact would not justify a delin-
quent taxpayer in declining to pay the taxes legally assessed or
the penalty imposed for delinquency by Acts 1897 p. 162, §10321
Burns 1914.  p. 242.
3. CONSTITUTIONAL LAW.—*Taxation Statute.*—*Questioning Valid-
ity.*—Though an interested taxpayer may, in a proper proceeding,
question the authority under which the disbursing officer acts in
paying out a fund raised by general taxation for a certain pur-
pose, he may not assert the invalidity of an act, under the author-
ity of which some part of a fund raised by general taxation
might be expended, as an excuse for his refusal to pay taxes
assessed against him or to pay a penalty imposed for delin-
quency.  p. 242.

From LaPorte Circuit Court; *James F. Gallaher,*
Judge.

Mandamus by the State of Indiana, on the relation

of the United States Railroad Administration and others, against Carl Pusch, treasurer of LaPorte county. From a judgment for the defendant the relators appeal. *Affirmed.*

*Walter Olds, H. D. Howe* and *W. J. Stevenson,* for appellant.

*Ben C. Rees,* for appellee.

LAIRY, J.—This is an appeal from a judgment in a mandamus proceeding brought by relators to compel appellee, as treasurer of LaPorte county, Indiana, to accept a check of relators tendered to appellee on January 21, 1919, for the sum of $6,385.92, as payment of the installment of taxes due from relators on the first Monday of November, 1918, and of the penalty for delinquency. The complaint shows that the amount due from relators on the first Monday of November, 1918, as the November installment of taxes assessed was $6,140.31, and that the amount tendered on January 21, 1919, was only sufficient to cover the amount of the taxes then due with a penalty of four per centum thereon in addition. No facts are alleged to show that the property was not subject to taxation, or that the tax was not regularly or legally assessed, and it affirmatively appears that the installment of taxes due on November 4, 1918, was not paid or tendered until the sixth day of that month. On oral argument before this court it was conceded by appellee that the complaint shows that the check tendered on January 21, 1919, was refused for the sole reason that it was not sufficient in amount, and not because the offer to pay was not made in legal-tender currency.

A demurrer to the complaint was sustained, and, on

State, ex rel. *v.* Pusch, Treas.—189 Ind. 235.

refusal of relators to amend, judgment was entered on the pleadings. The assignments of error call in question the correctness of the ruling of the trial court in sustaining the demurrers addressed to the complaint.

In view of the concessions made by counsel representing the parties on this appeal in oral argument, only a single question is presented for the decision of this court. Under the statutes of this state taxes may be paid in two installments, the first falling due on the first Monday of May, and the second on the first Monday of November of each year. If the first installment is not paid on or before the date fixed, the entire tax for the year becomes delinquent, and the statute provides that a penalty of ten per centum shall be added, which the person or property assessed shall pay, together with costs of collection. If the first installment is paid when due, and the second installment is permitted to become delinquent, the penalty of ten per centum is added to the second installment only. §10321 Burns 1914, Acts 1897 p. 162.

Relators suffered the second installment of the tax assessed against their property to become delinquent, and appellee added the ten per centum penalty provided by statute, making the total amount due $6,754.34. Appellee, therefore, asserts that the check tendered on January 21, 1919, was insufficient in amount to discharge the taxes and penalty, and that he was justified in refusing to accept it in full payment.

Relators concede that the check so tendered did not include a penalty of ten per centum, and that it included a penalty of only four per centum; but it is

asserted that six-tenths of the amount designated in the statute as a penalty is not properly a penalty in the true sense of the term, but that it is imposed by the statute for the benefit of the treasurer collecting the tax, and that when collected it is applied to the payment of a commission to that officer for the collection of delinquent taxes as provided by another section of the statute. §7332 Burns 1914, Acts 1897 p. 171. For the reasons stated, relators assert that only four-tenths of the penalty provided for in §10321, *supra,* of the statutes is collected for the benefit of the general fund, and that, as the check tendered was sufficient to cover the amount of the November installment of taxes and four-tenths of the penalty, it was the duty of appellee to accept it.

The question thus presented involves the construction of §10321, *supra,* fixing the time for the payments of taxes and providing a penalty for failure to pay the installments when due, in connection with §7332, *supra,* which provides that the county treasurer shall take certain steps in the collection of delinquent taxes for which he is authorized to charge and collect certain fees therein fixed. This section, which is one of the sections of the Fee and Salary Act, provides that the treasurer of each county shall be allowed, in addition to the salary provided by the act, a commission of six per centum on all delinquent taxes collected by him. Relators pin their faith to the last provision of this section as showing that the legislature intended that six-tenths of the penalty provided by statute on the subject of taxation should be imposed and collected for the sole benefit of the treasurer, and should be collected and retained by that officer as a commission.

There is nothing in the statute to indicate that the commission to be allowed treasurers for the collection of delinquent taxes shall be paid out of the penalties imposed and collected as provided by §10321, *supra,* nor is there anything to indicate that the treasurer is permitted to retain any part of the penalties so collected and to turn the remainder into the general fund. When the two sections are considered together, the fair meaning and intent of the legislature seems to be apparent. The penalty prescribed by statute on the subject of taxation was imposed for the purpose of impelling the taxpayers to pay their taxes promptly at the times fixed for such payment. It is the duty of the treasurer to add the penalty and collect it; and, when collected, the whole amount should be passed to the credit of the proper fund. The commission allowed to the treasurer by §119 of the Fee and Salary Act (§7332, *supra*) is to be allowed in the regular way and paid to him out of the fund, in addition to the salary provided by the act.

A review of the legislation on the subject confirms the court in the conclusion reached. In the revision of 1881 the statute on the subject of taxation contained a section fixing the time for the payment of taxes in installments and providing penalties in case of delinquency, which section is identical with the one now in force except that the time for paying the first installment was fixed on the third Monday cf April of each year. §6426 R. S. 1881. In 1891 the legislature passed a general act on the subject of taxation repealing all laws within the purview of the act and declaring an emergency. Acts 1891 p. 199, §10140

*et seq.* Burns 1914. By this statute, §6426 R. S. 1881, *supra,* was re-inacted without change as §152 of the act. In 1897, §152 of the act of 1891 was amended by changing the time for payment of the first installment of taxes to the first Monday of May. Acts 1897 p. 162, *supra.* It thus appears that §152 of the act of 1891, as amended in 1897 was in force at the time the controversy here involved arose.

The legislature of 1891 also passed a general act fixing the compensation and prescribing the duties of certain state and county officers. Acts 1891 p. 424. Section 120 of this act prescribes certain duties to be performed by the treasurer in the collection of delinquent taxes and fixes the fees which he may charge and collect when the taxes and penalty are paid on demand, and also what fee he may charge and collect for making a levy, but no provision is made in this act for the payment of any commission to the officer for the collection of delinquent taxes. It thus appears that the legislature of 1891 could not have contemplated that any part of the penalty imposed by §152, *supra,* of the tax law, passed at the same session, should be applied to the payment of any commission to the officer collecting the tax. In 1895 the legislature passed another general law fixing the salaries of certain state and county officers, prescribing certain fees to be charged and collected, and repealing all conflicting laws on the subject. Acts 1895 p. 319, §7202 *et seq.* Burns 1914. Section 119 of this act corresponds to §120 of the act of 1891, *supra,* except in two particulars. Section 120 of the act of 1891 exempts the household goods of any person from levy and sale for delinquent taxes where the total value of

such goods, as shown by the assessment list of such person for the year for which such taxes are delinquent did not exceed twenty-five dollars. Section 119 of the act of 1895, *supra,* increased this exemption so as to cover household goods to the value of $100, and also provided that the treasurer should be allowed, in addition to the salary provided in the act, a commission of four per centum on all delinquent taxes collected by him. In other respects §119 of the act of 1895, *supra,* is a substantial re-enactment of §120 of the act of 1891, *supra.* In 1897 the legislature amended §119 of the act of 1895 so as to increase the commission allowed county treasurers to six per centum of all delinquent taxes by them collected. Acts 1897 p. 171, *supra.*

It thus appears that the statutes providing a penalty for permitting taxes to become delinquent have been in force in this state since 1881, and in all probability similar statutes existed prior to that date. The section providing for such penalty has always been a part of the statute on the subject of taxation. The purpose of imposing the penalty so provided was to impel the prompt payment of taxes. Such penalties were imposed by law and enforced for the purpose stated for years when there was no provision for the payment of any commission to county treasurers for the collection of delinquent taxes. There was no statute ever in force prior to 1895 which, in terms, provided for the payment of a commission to county treasurers for the collection of delinquent taxes. It cannot be assumed that, in imposing the penalty to enforce prompt payment of taxes, the legislature had in contemplation the pay-

ment of a commission to county treasurers, and that the penalty was imposed to create a fund for that purpose.

The two sections of the statutes considered in this opinion relate to entirely different subjects. Section 10321, *supra,* relates to taxation, and is a part of the statute on that subject, while §7332, *supra,* is a part of a statute providing for the fees, salaries, and emoluments of officers. The two statutes are wholly disconnected as to their subject-matter, and they are in no way related in the purposes and objects to be attained by their enactment.

Relators assert that the provision of §7332, *supra,* by which the treasurers of the state are allowed a commission for collecting delinquent taxes, is invalid, because in contravention of certain provisions of the Constitution of this state. The court is not called on to decide the question which relators thus seek to raise. They are in no position to present the question on this appeal. If such qrovision were conceded to be invalid, such invalidity could not avail relators in this proceeding. Even though the treasurer were not entitled to receive the commission so provided, that could afford relators no possible excuse for declining to pay the taxes legally assessed against them or the penalty legally imposed by §10321, *supra.*

A taxpayer interested in a fund raised by general taxation, might, in a proper proceeding, question the validity of a statute under the authority of which the officer in charge of the fund had acted, or was about to act, in paying out the fund, or some part of it. The interest which a tax-

payer has in the preservation of such a fund from illegal disbursements gives him a right to question. the authority under which the officer in charge acts in paying it out; but no taxpayer can be permitted to assert the invalidity of an act, under the authority of which some part of a fund raised by general taxation might be expended, as an excuse for his refusal to pay the taxes assessed against him or to pay the penalty imposed under a valid statute on account of his delinquency in making the payments when due.

Judgment affirmed.

Harvey, J., absent.